UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-110-FDW
(3:06-cr-65-FDW-DCK-1)

| | |
|---|---|
| EARL ZACHARY GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 or, Alternatively, for Relief under 28 U.S.C. § 2241, Writ of Coram Nobis, Writ of Audita Querela (Doc. No. 1), and on Respondent's Response re Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 8).

On September 18, 2006, Petitioner Earl Green entered a straight-up plea of guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Criminal Case No. 3:06cr65, Doc. No. 12: Acceptance and Entry of Guilty Plea). The predicate felony underlying Petitioner's Section 922(g) charge was a 1997 conviction for possession of cocaine, for which he received four to five months of imprisonment. See (Doc. No. 1-1; Criminal Case No. 3:06cr65, PSR at ¶ 26). On August 16, 2007, Petitioner was sentenced to sixteen months of imprisonment and three years of supervised release. (Criminal Case No. 3:06cr65, Doc. No. 17: Judgment). Petitioner was released from prison, but he violated three conditions of his supervised release in 2009. After admitting to the violations, Petitioner's supervised release was

1

revoked, and he was sentenced to six months of imprisonment and an additional eighteen months of supervised release. (Id., Doc. No. 24: Amended Judgment). Petitioner was released from that term of imprisonment but violated the terms of his supervised release again in 2012. For those violations, Petitioner was sentenced to time-served plus thirty days of imprisonment, and he was not ordered to serve any additional period of supervised release. (Doc. No. 35: Judgment on Revocation Proceedings). During the pendency of his second supervised release violation proceeding, Petitioner filed the instant motion to vacate on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (2011), seeking relief under 28 U.S.C. § 2255, 28 U.S.C. § 2241, a writ of coram nobis, and a writ of audita querela. Petitioner is currently out of prison and not serving any term of supervised release.

Section 2241 typically provides a means of attacking the manner in which a sentence is executed, not the validity of the conviction itself. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). As the Fourth Circuit recognized in In re Jones, 226 F.3d 328, 333 (4th Cir. 2000), however, where Section 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to any direct appeal or first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

2

In its response to Petitioner's motion to vacate, the Government concedes that, under Simmons, the underlying state court conviction used to support the Section 922(g) conviction was not for an offense punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The Government also concedes that the requirements for relief under Section 2241 are satisfied in this case with respect to Petitioner's Section 922(g)(1) conviction.[1] That is, at the time of his conviction, Fourth Circuit case law made clear that Petitioner's conviction was lawful. After Petitioner's conviction, the Fourth Circuit's decision in Simmons established that the conduct of which Petitioner was convicted is no longer deemed criminal; and Petitioner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law.[2] Accordingly, the Government concedes, and the Court agrees, that Petitioner is entitled to relief under Section 2241 and that his Section 922(g)(1) conviction should be vacated. The Court will therefore grant the Section 2241 petition and vacate Petitioner's Section 922(g) conviction.

---

[1] Although the Government does not state why Section 2255 is not available to Petitioner, it is presumably because the petition is untimely under Section 2255.

[2] The Court notes the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).
.

3

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's petition under Section 2241 is **GRANTED**, and Petitioner's Section 922(g) conviction is hereby **VACATED**. The Court will amend the judgment against Petitioner accordingly.

Signed: September 6, 2013

Frank D. Whitney
Chief United States District Judge